## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYESHEA GOMEZ, | : | |
| | : | |
| Plaintiff, | : | Civil Case No. 1:18-CV-00301-CCC |
| | : | |
| v. | : | Hon. Christopher C. Conner, C.J. |
| | : | |
| DIRECT ENERGY, L.P. | : | [Electronically Filed] |
| | : | |
| Defendant. | : | |

## DIRECT ENERGY, L.P.'S ANSWER TO THE COMPLAINT

Defendant Direct Energy, L.P. ("Direct Energy"), through undersigned

counsel, answers the Plaintiff's Complaint as follows:

1.      Direct Energy admits only that Plaintiff filed this lawsuit on behalf of

a putative class.  Direct Energy denies the remaining allegations contained in the

first sentence of Paragraph 1 of the Complaint. Further answering, Direct Energy

specifically denies that it acted illegally or that it caused damages to the Plaintiff or

the class named in this Complaint.  In addition, Direct Energy states that no

plaintiff class has been certified in this action and that none should be certified.

The second sentence of Paragraph 1 of the Complaint contains legal conclusions,

to which no answer is required.  To the extent an answer is required, Direct Energy

denies these allegations.  Further answering, Direct Energy denies the remaining

allegations contained in Paragraph 1 of the Complaint.

2.      Admitted.

3.      Denied.

4.      Direct Energy denies the allegations contained in Paragraph 4 of the Complaint.  Further answering, Direct Energy states that any calls placed to (717) XXX-6791 (as specifically identified by Plaintiff's attorney) on behalf of Direct Energy were made with the prior express written consent of Plaintiff.

5.      Direct Energy admits only that the Complaint seeks damages from Direct Energy for Plaintiff and others.  Direct Energy denies all other allegations in Paragraph 5 of the Complaint.  Further answering, Direct Energy specifically denies that it acted unlawfully or that Plaintiff or others should recover damages from Direct Energy.

6.      Direct Energy admits that this Court has original jurisdiction over the claims set forth in the Complaint pursuant to 28 U.S.C. § 1331.

7.      The first sentence of Paragraph 7 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy denies that jurisdiction is proper in this District pursuant to 28 U.S.C. § 1332(d)(2).  Further answering, Direct Energy lacks knowledge and information sufficient to form a belief regarding the number of members of the putative class in this class action or the amount of damages sought for each class member, and therefore denies the allegations in the first sentence of Paragraph 7. Direct Energy specifically denies that the aggregated damages sought by Plaintiff

exceed $5,000,000.00.  Direct Energy lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 7 of the Complaint and, accordingly, denies such allegations.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

8.      Direct Energy admits only that it has directed some marketing materials to customers or potential customers located in Pennsylvania.  The remaining allegations in Paragraph 8 of the Complaint contain legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint and, accordingly, denies such allegations.

9.      Direct Energy lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and, accordingly, denies such allegations.

10.     Direct Energy admits only that it is headquartered in Houston, Texas.  Direct Energy denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Direct Energy lacks knowledge and information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of the Complaint

that Plaintiff has never had a business relationship with Direct Energy and, accordingly, denies such allegation.  Direct Energy denies that Plaintiff did not provide express written consent to be contacted by or on behalf of Direct Energy. All other allegations in Paragraph 11 are denied.

12.     Paragraph 12 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states that the TCPA speaks for itself, and denies any allegations inconsistent therewith.

13.     Paragraph 13 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states that the TCPA speaks for itself, and denies any allegations inconsistent therewith.

14.     Paragraph 14 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states that the TCPA speaks for itself, and denies any allegations inconsistent therewith.

15.     Paragraph 15 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states that the TCPA, and regulations promulgated thereunder, speak for themselves, and denies any allegations inconsistent therewith.

16.     Paragraph 16 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states

that the TCPA, and regulations promulgated thereunder, speak for themselves and denies any allegations inconsistent therewith.

17.     Paragraph 17 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy states that the TCPA, and regulations promulgated thereunder, speak for themselves, and denies any allegations inconsistent therewith

18.     Paragraph 18 of the Complaint contains legal conclusions, to which no answer is required.  To the extent an answer is required, Direct Energy denies the allegations of Paragraph 18.  Further answering, Direct Energy states that any calls placed to (717) XXX-6791 (as specifically identified by Plaintiff's attorney) on behalf of Direct Energy were made with the prior express written consent of Plaintiff.

19.     Direct Energy denies the allegations contained in Paragraph 19 of the Complaint.

20.     Direct Energy denies the allegations contained in Paragraph 20 of the Complaint.

21.     Direct Energy denies the allegations contained in Paragraph 21 of the Complaint.

22.      Direct Energy lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and, accordingly, denies such allegations.

23.      Direct Energy denies the allegations contained in Paragraph 23 of the Complaint.

24.      Direct Energy denies the allegations contained in Paragraph 24 of the Complaint.  Direct Energy also denies the allegations in Paragraph 24 of the Complaint for the additional reason that they are vague and ambiguous because they refer to Direct Energy calling the "-7073 number," which appears to be a different number than that identified as Plaintiff's number in the Complaint.

25.      Direct Energy denies that Plaintiff did not provide the requisite consent.  Direct Energy denies all remaining allegations contained in Paragraph 25 of the Complaint.

## CLASS ACTION ALLEGATIONS

26.      The allegations in Paragraph 26 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

27.     The allegations in Paragraph 27 of the Complaint, including all of its subparts, are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph, including all of its subparts.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

28.     The allegations in Paragraph 28 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

29.     Direct Energy denies the allegations contained in Paragraph 29 of the Complaint.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

30.     The allegations in Paragraph 30 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

31.     The allegations in Paragraph 31 of the Complaint, including each of its subparts, are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph and each of its subparts.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

32.     The allegations in Paragraph 32 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

33.     The allegations in Paragraph 33 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

34.     The allegations in Paragraph 34 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph. Further

answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

35.     The allegations in Paragraph 35 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

36.     The allegations in Paragraph 36 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.  Further answering, Direct Energy states that no plaintiff class has been certified in this action and that none should be certified.

## COUNT I

### Negligent Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

37.     Direct Energy incorporates by reference its responses and answers to the allegations of Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38.     The allegations in Paragraph 38 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

39.     The allegations in Paragraph 39 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

40.     The allegations in Paragraph 40 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

41.     The allegations in Paragraph 41 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

42.     The allegations in Paragraph 42 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

## COUNT II

**Knowing and/or Willful Violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**

43.     Direct Energy incorporates by reference its responses and answers to the allegations of Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.     The allegations in Paragraph 44 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

45.     The allegations in Paragraph 45 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

46.     The allegations in Paragraph 46 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

47.     The allegations in Paragraph 47 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

48.     The allegations in Paragraph 48 of the Complaint are statements of law or legal conclusions to which no response is required.  To the extent an answer is required, Direct Energy denies the allegations in this Paragraph.

## AFFIRMATIVE DEFENSES

Direct Energy asserts the following Affirmative Defenses to the Complaint and reserves the right to raise such additional defenses as may be established during the conduct of discovery and in the investigation of this matter:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Direct Energy was not the proximate cause of any alleged harm or damage to Plaintiff and/or members of the putative class.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Direct Energy is not liable under the TCPA or under any other legal theory because, among other reasons, Plaintiff and/or the members of the putative class consented to and/or solicited the transmission of the call or calls at issue.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to plead facts sufficient to state a claim upon which relief can be granted in that the Complaint does not sufficiently allege, nor can Plaintiff prove, that the Plaintiff (or the other alleged members of the putative class) suffered any actual injury or loss as a result of the matters alleged, or that any actual injury or loss proximately resulted from an act or omission of Direct Energy.

## FIFTH AFFIRMATIVE DEFENSE

Any award of statutory and/or punitive damages to Plaintiff and/or the alleged class would be grossly disproportionate to any actual injury sustained by Plaintiff or any class member and would therefore deny Direct Energy its rights under the Due Process and Excessive Fines Clauses of the United States

Constitution.  Furthermore, the TCPA, particularly as applied to class actions, imposes liabilities, penalties or fines that are so excessive, severe, and oppressive as to be obviously unreasonable and wholly disproportionate to the offense of sending an unsolicited facsimile advertisement, and the TCPA thereby violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## SIXTH AFFIRMATIVE DEFENSE

The TCPA violates the First Amendment to the United States Constitution because it is more restrictive than necessary to achieve its asserted purposes and has no reasonable relation to any substantial government interest sought to be advanced.

## SEVENTH AFFIRMATIVE DEFENSE

Any alleged loss or damage that Plaintiff (or any other alleged member of the putative class) claims to have sustained is speculative and uncertain, and therefore is not compensable.

## EIGHTH AFFIRMATIVE DEFENSE

Direct Energy is not liable under the TCPA or under any other legal theory because, among other reasons, the claims of Plaintiff and/or members of the class are barred, in whole or in part, by the applicable statute of limitations and/or laches.

## NINTH AFFIRMATIVE DEFENSE

To the extent any employee or agent of any of Direct Energy performed any act or engaged in any conduct violative of the TCPA, any such act or conduct was outside the scope of authority of such employee or agent and was not authorized by Direct Energy.

## TENTH AFFIRMATIVE DEFENSE

The conduct complained of in the Complaint, with respect to Plaintiff (and all other alleged members of the putative class), was at all times reasonable, justified, and in complete good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

An entity's lawful interest in contacting its customers or those who consented to receive calls -- either for debt collection, informational purposes, or other account servicing activity -- is necessary, and such calls are necessary, to protect its pecuniary interest in chattle and accounts, and its customers' or potential customers' interests.  Further the conduct at issue is *malum prohibitum* and not *malum in se*.  Moreover, any harm inflicted to Plaintiff in receiving the alleged calls is not unreasonable as compared with the harm threatened to its interests and chattle if it is barred from placing such calls.  Hence, the conduct is privileged and inactionable, and Plaintiff cannot show conduct that would result in the award of punitive damages.

- 14 -

## TWELFTH AFFIRMATIVE DEFENSE

Any violation of the TCPA, which Direct Energy denies, was not intentional and resulted, if at all, from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Complaint purports to bring claims on behalf of out-of-state putative class members, this court lacks jurisdiction over Direct Energy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Direct Energy and/or its vendors maintains a written policy regarding a do-not-call list and abides by other do-not-call list requirements.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited to the extent that Plaintiff failed to mitigate the alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be dismissed, in whole or in part, because Direct Energy did not use an automated telephone dialer system to place calls to Plaintiff or other putative class members.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or should be dismissed, in whole or in part, because any alleged calls received on her cellular phone were forwarded to her cellular phone by the Plaintiff or a third party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

WHEREFORE, Defendant Direct Energy, L.P. respectfully requests judgment in its favor, that no class be certified, that the Complaint be dismissed with prejudice in its entirety, and that it be awarded its costs and all other relief to which it is entitled.

April 9, 2018                    Respectfully submitted,

**K&L GATES LLP**

s/ Thomas R. DeCesar

Thomas R. DeCesar (PA Bar # 309651)
17 North Second Street, 18th Floor
Harrisburg, PA 17101-1507
Phone:  717-231-4500
Fax:  717-231-4501
tom.decesar@klgates.com

Molly K. McGinley (IL Bar # 6285809)
*Admitted Pro Hac Vice*
70 West Madison Street, Suite 3100
Chicago, IL 60602-4207
Phone: (312)807-4419
Fax: (312)827-8000
molly.mcginley@klgates.com

*Counsel for Defendant Direct Energy, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 9, 2018, I caused a copy of the foregoing

Answer to the Complaint to be served on the following by ECF:

Sergei Lemberg
Lemberg Law, LLC
43 Danbury Road
Wilton, CT  06897
*Counsel for Plaintiff*

s/ Thomas R. DeCesar